## JOHNSON *v.* WARDEN OF MARYLAND PENITENTIARY

[No. 15, October Term, 1950.]

*Decided October 5, 1950.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

MARBURY, C. J., delivered the opinion of the Court.

This is an application for leave to appeal from an order of Judge France, passed in the Baltimore City Court, remanding the petitioner after a hearing on the writ of *habeas corpus.*

On March 23, 1942, applicant was sentenced to the Maryland House of Correction for four years for larceny by the Circuit Court for Howard County. On September 8, 1942, he was transferred to the Maryland State Reformatory for Males, and on September 11, 1942, he escaped. He was an escapee for 215 days, and during this period he committed another crime for which he was convicted and sentenced on April 12, 1943 by the Circuit Court for Garrett County to a term of six years beginning from the time of expiration of, or discharge from, the sentence which was pronounced upon him at the March Term 1942 of the Circuit Court for Howard County. On May 20, 1943, he was sentenced in the Circuit Court for Washington County for escape and this sentence was for 2½ years, "sentence to begin at the expiration of his present term of confinement".

Applicant raises these questions. He says that at the time of his escape, he was assigned by the officials in charge of the State Reformatory for Males to work

on a private farm, and he contends that there is no law which provides a penalty for escaping under such circumstances. He also says that since he was working without guard on a private farm, he comes within the same category as one working on the roads, and that therefore his sentence cannot, by statute, be more than one half of the original term. He further contends that the sentence in Washington County, by its wording, was only consecutive to the original sentence of four years, and should not be added to the six-year Garrett County sentence which succeeded the first sentence. Therefore he says that he has served his two first sentences and is entitled to be released.

As to the first contention, Article 27, Section 149, 1947 Supplement, Annotated Code, page 426, provides that if any person legally detained and confined in the Reformatory shall escape, he shall on conviction be sentenced to such additional period not exceeding ten years as the court may adjudge. There can be no doubt that the applicant was legally confined in the Reformatory at the time of his escape. The mere fact that he was allowed to work outside on a farm in the daytime does not change the nature of his detention or confinement, and escape from the farm had no legal significance different from an escape from the Reformatory itself.

As to the second point, the provision that he refers to limiting sentences for escape from the roads or streets to not exceeding one half of the original term applies only to prisoners working on the roads and streets under Sections 806 to 813, both inclusive, of Article 27 of the Annotated Code. He did not come within these provisions at the time he made his escape.

At the time the escape sentence was imposed upon the applicant, he was actually in the penitentiary serving part of his four-year sentence from Howard County, but in addition to that, he had already been sentenced to the six-year term from Garrett County. Judge Mish did not make the sentence for escape begin at the expiration of a sentence, but at the expiration "of his present

term of confinement". We are unable to construe this as meaning at the expiration of the four-year sentence. It undoubtedly meant at the expiration of the entire period for which the applicant had been committed. Any other construction would be imposing no sentence at all, because the 2½ years at the expiration of the four years would run concurrently with the six years imposed in Garrett County. Applicant's period of legal confinement has, therefore, not yet terminated.

*Application denied without costs.*